UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRI ANN MORRIS, et al.,

Plaintiffs,

v.

ORA VIRGINIA EVANS, et al.,

Defendants.

Case No. 26-cv-01563-JST

**ORDER TO SHOW CAUSE REGARDING VENUE**

Re: ECF No. 11

Plaintiff Terri Ann Morris[1] filed this lawsuit alleging that she was defrauded by a forged will probated in Morehouse Parish, Louisiana in the 1970s.[2]  ECF No. 11 at 2.  She brings the following causes of action against several Louisiana-based Defendants: (1) civil RICO; (2) RICO conspiracy; (3) fraud; (4) civil conspiracy; (5) deprivation of property without due process under 42 U.S.C. § 1983; (6) forgery; (7) conversion; (8) unjust enrichment; and (9) "supplemental state law claims" including "annulment of judgment, annulment of will, return of succession property, breach of fiduciary duty, and accounting."  *Id*. at 6–8.

On March 4, 2026, Morris declined magistrate judge jurisdiction.  ECF No. 6.  Magistrate Judge Ajay S. Krishnan subsequently issued a report and recommendation granting Plaintiffs'

---

[1] Although both the original and amended complaint purport to have been brought on behalf of several individuals, only Morris signed either pleading.  "A pro se plaintiff can represent himself or herself, but one pro se party cannot represent another."  *Fratello v. Wilde*, No. 2:25-CV-01606-APG-EJY, 2025 WL 3098678, at *1 (D. Nev. Nov. 5, 2025).  Because none of the other persons named as a plaintiff has signed the amended complaint, none is currently a party to the proceeding.  *See id.*

[2] Defendants in the action include Ora Virginia Evans, Stephen J. Katz, Alex W. Rankin, The Estate of Yeldell, Rankin, Yeldell & Katz, Court Developers, Inc.; Morehouse Parish Clerk Of Court; Morehouse Parish Assessor; Morehouse Parish Sheriff/Tax Collector; State Of Louisiana; Louisiana Office Of Mineral Resources; Louisiana Department Of Natural Resources; Louisiana State Mineral & Energy Board; Louisiana Department Of Revenue — Mineral Revenue Division; Louisiana Geological Survey.

motion to proceed in forma pauperis and screening Plaintiffs' complaint under § 1915(e)(2).  ECF No. 10.  Plaintiff did not object to the report and recommendation. Instead, she filed a first amended complaint.  ECF No. 11.  "[B]ecause Plaintiff[] filed an amended complaint, the magistrate judge's report and recommendation is moot."  *Merritt-Rojas v. Life Moves*, No. 23-CV-04383-BLF, 2023 WL 8190175, at *2 (N.D. Cal. Nov. 27, 2023).  The Court therefore conducts its own screening of the amended complaint.

The Court starts by examining whether the amended complaint was filed in the appropriate venue.  According to the Federal Rules of Civil Procedure, a civil case may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If the Court finds that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue."  *Eliason v. United States Dep't of Justice*, No. CV 20-00257 JAO-WRP, 2020 WL 3258407, at *1 (D. Haw. June 16, 2020) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).

Here, none of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of California, and none of the defendants appear to reside in this district. Because Plaintiff has failed to allege that venue is proper in the Northern District of California, Plaintiffs are hereby ORDERED TO SHOW CAUSE why this action should not be dismissed for improper venue.  Plaintiffs must file a response within 21 days of this order.  If Plaintiffs seek transfer of this action to another district, such as the Western District of Louisiana, they must explain why such transfer would be in the interest of justice.  If Plaintiffs do not file a response by the deadline, the case will be dismissed with prejudice for failure to prosecute pursuant to Rule

United States District Court
Northern District of California

2

41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: July 14, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California